No. 5794.—Rubert Catalá, hoy su Sucesión, aplte., *v.* Cabo, apldo.—C. D. San Juan. ▮▮▮▮▮▮▮▮▮▮ Julio 19, 1933.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, la única contención del apelante es que "La corte inferior cometió error; 1. Al apreciar las pruebas presentadas en el pleito", y "2. Al condenar a la parte demandante-apelante a pagar las costas del litigio."

Por cuanto, el juez de distrito en su relación del caso y opinión ha establecido como probados los siguientes hechos:

". . . . que en el número 9 de la calle del Cristo existe una casa, la que según apreciamos en nuestra inspección ocular, por su aspecto exterior revela se trata de dos edificios de distinta arquitectura: una de dos plantas con azotea, y la otra de tres plantas y azotea. La entrada común a ambas casas está en la calle del Cristo, que es la que tiene el número. Entrando· en la casa apreciamos la existencia de dos patios: uno anterior y otro posterior. A estos patios dan varias galerías y habitaciones que corresponden tanto al demandante como al demandado. En el piso principal hay dos balcones y galerías completamente independientes y separadas y que corresponden también a cada una de las mitades o dependencias de la casa poseída por las partes en este pleito. De las copias de las escrituras otorgadas y de una relación extensa de las inscripciones de estas fincas en el registro de la propiedad, aparece que esta finca nunca se inscribió proindivisa, sino que desde un principio se inscribió: primero, la mitad que corresponde al demandado, y después, la mitad adquirida por el demandante. También aparece del registro que cada una de estas mitades ha sido objeto de ·distintas contrataciones, tales como ventas y garantías de créditos hipotecarios, sin que ninguno de los comuneros o dueños haya pedido la comparecencia y el asentimiento del otro. . . .

"Es un hecho probado que en este caso no está inscrita la finca a nombre de las partes como comuneros, sino que cada uno tiene inscrita su mitad separada e independiente. Estudiando la certificación del registro, que es el exhibit No. 1 del demandado, aparece que la primera operación hecha es una anotación de suspensión a virtud de auto expedido por el juzgado de primera instancia de San Francisco de esta ciudad en pleito declarativo de menor cuantía. Fué hecha en octubre 19, 1894. El primer asiento definitivo de la finca lo fué en cuanto a la mitad que corresponde al hoy demandado y a virtud de un expediente posesorio. . . . La otra mitad, o sea, la perteneciente al demandante se inscribió en el registro en 27 de diciembre de 1900, también con colindancias específicas y a virtud de un expediente posesorio iniciado a nombre de la sucesión Caracena. La inscripción de este expediente posesorio fué suspendida por el registrador hasta tanto no se citara a los dueños de la otra mitad de la finca ya inscrita previamente.

" . . . También de los recibos de contribuciones aparece que cada una de las partes paga, sus contribuciones separadamente; el demandado por la calle ·del Cristo número 9, y el demandante o sus causahabientes, por la del Cristo número 9, esquina Allen. Además hay prueba de que la parte demandante había

dado en arrendamiento al propio demandado la mitad de la casa de su propiedad por un canon de $100 mensuales y percibía estas rentas exclusivamente.

"Yendo ahora a la prueba testifical, la prueba del demandante nos demuestra que éste hace las reparaciones que estima convenientes en su casa; arrienda y cobra los alquileres, y paga las contribuciones por la misma. Todo lo que ocurre, según declaró el testigo Sr. Soler, es que el demandante quiere edificar y no le es posible porque la edificación que ha hecho Cabo se lo impide. No hay más prueba de tal impedimento, y no pudimos encontrarlo nosotros tampoco en la inspección ocular que hiciéramos a ese sitio. El testigo perito ingeniero Sr. Fossas, cree que es muy difícil la división de la casa, a menos que se hagan obras de gran importancia, toda vez que el solar es irregular y sería sumamente difícil edificar en el mismo.

"Por su parte, el demandado declara que nunca ha intervenido en la casa de la esquina excepto cuando la tuvo arrendada; que nadie interviene con la suya; que hace y ha hecho reparaciones y mejoras en la casa de su propiedad; que de tales reparaciones y mejoras notificó al apoderado entonces de la otra mitad de la casa, y que nadie intervino en la administración de su propiedad. También declararon dos peritos ingenieros, los que identificaron un plano que levantaron de la casa y fué ofrecido como prueba y explicado detallada y minuciosamente a la corte, por el perito Sr. Totti. De acuerdo con este plano, el área total de la casa es de 392 metros cuadrados, de los que hay edificados 172 en la parte de Cabo y 181 en la de Rubert, existiendo 39 metros de patio comunes a ambas edificaciones. Estos peritos declararon que la propiedad actual de Cabo tiene un valor de $17,000 y la de Rubert de $12,000 a $15,000, y que todo el edificio vale más o menos $30,000. La declaración de Totti es significativa en el sentido de que tal como lo explicó sobre el plano, y sobre el terreno, con muy poco gasto cada casa puede independizarse, toda vez que los patios son comunes para ambas, y la situación especial del inmueble permite se haga una separación en tal forma, que cada dueño disfrute de su propiedad sin intervención en la posesión del otro."

Por CUANTO, de la reseña de los hechos que acabamos de extractar claramente resulta que de hecho la propiedad ha sido dividida hace muchos años ya y constituída en dos casas separadas e independientes, excepto en cuanto al zaguán, a la escalera y a los dos patios, los cuales de común acuerdo tácito se utilizan indistintamente por los dueños de ambos predios para la conveniencia de ambos.

Por CUANTO, no encontramos ni error tan manifiesto en la apreciación de la prueba que justifique una revocación de la sentencia apelada ni abuso de discreción en la imposición de las costas al demandante.

Por TANTO, se confirma la sentencia apelada que dictó la Corte de Distrito de San Juan en mayo 6, 1931.